CENTRAL TRUST CO. OF NEW YORK *v.* IOWA CENT. RY. CO. *et al.*

(*Circuit Court, N. D. Illinois.*   December, 1889.)

SALE—CONDITION—FORFEITURE—RES ADJUDICATA.

The intervenors, being the owners of certain railroad property, sold the same to the railway company, taking in payment transportation certificates of said road. The agreement of sale provided that the road so purchased should be completed within two years; otherwise, the agreement to be void.   The road was not completed within that time, and the intervenors gave notice of their election to declare the agreement void.   Meantime the rights of the company had passed to the defendant, who brought suit against the intervenors, in the state court, to compel a specific performance, bringing into court the transportation certificates.   The intervenors filed a cross-bill, asking for a forfeiture of the agreement of sale; which bill was dismissed, the decree reciting that it was without prejudice, except as to the right to claim or assert a forfeiture of the agreement.   This decree was not appealed from.   *Held*, in an action to foreclose a mortgage upon defendant's property, that the right of the intervenors to claim a forfeiture of the agreement was concluded by the decree of the state court, which is still in full force and effect, and their petition, asking for such forfeiture, must be dismissed.

In Equity.   Bill to foreclose.

In the matter of the intervening petition of Thomas B. Cabeen, Robert J. Cabeen, and George Seaton.

*H. Bigelow* and *J. C. Pepper*, for intervenors.

*Anthony C. Daly* and *Gardner, McFadon & Gardner*, for Iowa Central Railway Company.

GRESHAM, J.   The Keithsburg & Eastern Railroad Company was organized to construct and operate a railroad between Keithsburg, in Mercer county, Ill., and Monmouth, in Warren county.   It acquired right of way, depot grounds, and some terminal facilities, mainly in Mercer county.   The company became embarrassed.   Judgments were entered against it, and its property was bought by the intervenors, in 1878, at sheriff's sale.   The Peoria & Farmington Railway Company was organized to build and operate a railroad from Peoria to a point on the Mississippi river, and on February 22, 1881, this company had extended its road to a point near Monmouth, and, desiring to still further extend it to Keithsburg, on the Mississippi river, bought through its officers, E. P. Phelps and William Hanna, from the intervenors all of the property they had purchased at sheriff's sale, in consideration of $25,000 in transportation certificates of the Peoria & Farmington Company, to be delivered upon the completion of the line from Peoria to Keithsburg. The agreement of sale provided that the purchaser should take immediate possession; that the line should be completed by February 22, 1883,

and, if not so completed, the entire agreement should be void. A copy of the transportation certificates was attached to the agreement, and reads thus:

"OFFICE PEORIA & FARMINGTON RAILWAY COMPANY.

"The holder hereof is entitled to freight transportation over the line of the Peoria & Farmington Railway, at regular tariff or contract rates, to the amount of $25, on presentation of this certificate: provided, that said certificate shall be good and receivable in payment of but one-fourth of any single bill of freight, but may also be used in payment of one-fourth the price of one thousand mile tickets."

The Peoria & Farmington Company at once went into possession of the property so purchased by it and proceeded to fulfill its contract, but did not complete its road to Keithsburg until March 25, 1883, which was one month beyond the time prescribed in the contract. While the work was progressing, but before the road was completed to Keithsburg, the Peoria & Farmington Company changed its name to the Iowa Central Railway Company of Illinois. At the expiration of the two years provided in the contract, the intervenors notified the Iowa Central Company of their election to declare the agreement void, because it was not performed within the time specified. In March, 1883, and a few days before the completion of the road, the Iowa Central Company and Hanna and Phelps commenced a suit in the circuit court of Warren county against the intervenors, for specific performance of the agreement of February 22, 1881, and brought into court, for the intervenors, transportation certificates amounting to $25,000. The intervenors filed an answer and cross-bill, in both of which they averred that the agreement had not been completed within two years, and that it had been forfeited. The cross-bill prayed for a decree declaring the agreement forfeited and void, and that the property be returned to the intervenors. This suit was heard on the bill and cross-bill on the 11th of July, 1885. The bill was dismissed without prejudice, and the cross-bill was dismissed "without prejudice, so far as any action at law upon the contract is concerned, and without prejudice to any equitable rights or defenses the defendants may have in any case hereafter arising between the parties hereto, on, or growing out of, the contract set up in this case, except the right to claim or assert a forfeiture of said contract." Neither party appealed from this decree, and it remains in full force, and the transportation certificates are still in the state court, where the intervenors can at any time receive them. On December 1, 1886, the Central Trust Company of New York commenced a suit in this court against the Central Iowa Railway Company to foreclose mortgages executed by it upon its line of railway, after the making of the agreement of February 22, 1881; and in that suit a receiver was appointed, who took possession of the property. A decree of foreclosure was entered, and the property embraced in the mortgages was sold, and $25,000 of the purchase money was paid into the registry of the court, to abide the result of the issue raised by the intervenors. In June, 1887, the intervenors filed their petition of intervention, in which they set up the agreement of Feb-

ruary 22, 1881, the failure of the railway company to fulfill the contract within two years, and prayed that it might be declared forfeited and void, and the property returned to them, or that the receiver be directed to pay them $25,000 and interest. Pleas and answers were filed setting up the decree in the state court, and the case was referred to a master, who took testimony and reported, recommending that the intervenors be paid $25,000 in cash. The purchasers at the foreclosure sale assigned the certificate of purchase which they received from the master to the Iowa Central Railway Company of Illinois, to which the master executed a deed of conveyance. The receiver surrendered possession to the railway company; and, in passing his accounts and discharging him, the court ordered "that all claims against said receiver pending in this court, whether debts or other liabilities, shall be presented to the said Iowa Central Railway Company for adjustment and settlement; and, for the purpose of enforcing payment thereof, if need be, the court hereby retains jurisdiction and full power to enforce such payments, without other action or independent proceedings." The Iowa Central Company filed exceptions to the master's report, which have been argued by counsel.

The decree of the state court established against the intervenors the continued existence and validity of the agreement of February 22, 1881; and there is no evidence in the record showing, or tending to show, that the intervenors were denied the right to receive and use the transportation certificates in part payment of freight bills and 1,000-mile tickets. The intervenors sold the property described in the agreement for transportation certificates, to be used upon the completion of the road, in part payment of freight and 1,000-mile passenger tickets. Certificates in form agreed upon, and amounting to $25,000, were deposited in the state court, for the intervenors, as soon as they were entitled to use them; and they still remain at their disposal.

There is no evidence in the record showing, or tending to show, that the railway company, before or after it changed its name, refused, on demand of the intervenors, to carry freight or passengers over its road or any part of it, and receive in part payment therefor transportation certificates. The intervenors cannot now assert that, because the railroad was not completed within two years after February 22, 1881, the agreement of that date became void, and that they are entitled to recover the property sold, or its value in money. That question was settled against the intervenors by the decree of the state court, which dismissed, for want of equity, so much of their cross-bill as counted upon forfeiture of the agreement for failure to complete the road within two years. For anything appearing in the record, the intervenors have been denied nothing that the agreement entitled them to; and their petition must be dismissed, without prejudice, however, to their right to seek redress by any appropriate proceeding at law or in equity, should the Iowa Central Railway Company hereafter refuse to comply with the agreement.